E-FILED 04/25/13
CLOSED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JULIO GARCIA, on behalf of himself and all others similarly situated, | Case No. CV11-9811 |
| Plaintiff, | **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| vs. | **[With attached list of exclusions]** |
| ALLERGAN, INC., | |
| Defendant. | |

1    This matter came before the Court for hearing pursuant to the Order of this
2    Court, dated January 31, 2013, on Plaintiff's motion for final approval of the Class
3    Settlement Agreement and Release ("Settlement Agreement") dated as of October
4    October 31, 2012.  Due and adequate notice having been given to the Class as
5    required in said Order, and the Court having considered all papers filed and
6    proceedings had herein and otherwise being fully informed in the premises and
7    good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND
8    DECREED that:

9       1.    This Judgment incorporates by reference the definitions in the
10   Settlement Agreement, and all terms used herein shall have the same meanings as
11   set forth in the Settlement Agreement.

12      2.    This Court has jurisdiction over the subject matter of the Action and
13   over all parties to the Action, including all Settlement Class Members.

14      3.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby
15   approves the settlement set forth in the Settlement Agreement and finds that said
16   settlement is, in all respects, fair, reasonable and adequate to the Class.  The Court
17   also hereby reaffirms its findings and conclusion, set forth in the Order Granting
18   Motion for: (1) Certification of Class for Settlement Purposes; (2) Preliminary
19   Approval of Class Action Settlement; and (3) Dissemination of Class Notice, that,
20   for purposes of settlement, the Class meets the prerequisites for bringing a class
21   action set forth in Federal Rule of Civil Procedure Rule 23(a) and the requirements
22   for maintenance of a class action under Rule 23(b)(3).  The Court hereby makes
23   final its previously conditional certification of the Class.

24      4.    Except as to any individual claim of those persons/entities (identified
25   in Exhibit 1 attached hereto) who have validly and timely requested exclusion from
26   the Class, the Action and all claims contained therein, as well as all of the Released

27                                    1

28

1   Claims are dismissed with prejudice by the Plaintiff and the other Settlement Class
2   Members, and as against the Allergan Releasee(s).  The Parties are to bear their
3   own costs, except as otherwise provided in the Settlement Agreement.

4       5.      Upon the Effective Date hereof, Plaintiff and each of the Settlement
5   Class Members shall be deemed to have, and by operation of this Judgment shall
6   have, fully, finally, and forever released, relinquished and discharged all Released
7   Claims (including Unknown Claims) against each and all of the Allergan
8   Releasee(s), whether or not such Settlement Class Member executes and delivers a
9   Claim Form.

10      6.      All Settlement Class Members are hereby forever barred and enjoined
11  from prosecuting the Released Claims (including Unknown Claims) against
12  Allergan and the Allergan Releasee(s).

13      7.      Upon the Effective Date, as defined in ¶¶ 14 and 46 of the Settlement
14  Agreement, each of the Releasors shall be deemed to have, and by operation of the
15  Judgment shall have, fully, finally, and forever released, relinquished and
16  discharged each and all of the Settlement Class Members and Class Counsel from
17  all claims (including Unknown Claims), arising out of, relating to, or in connection
18  with the institution, prosecution, assertion, settlement or resolution of (i) the
19  Action, or (ii) the Released Claims, other than their obligations as Escrow Agents
20  and other obligations provided in the Settlement Agreement.

21      8.      The Legal Notice of Proposed Class Action Settlement ("Class
22  Notice") given to the Class was the best notice practicable under the
23  circumstances, including the individual notice to all members of the Class who
24  could be identified through reasonable effort.  Said notice provided the best notice
25  practicable under the circumstances of those proceedings and of the matters set
26  forth therein, including the proposed settlement set forth in the Settlement

27                                      2
28          [PROPOSED] FINAL JUDGMENT & ORDER OF DISMISSAL
                           WITH PREJUDICE
                        CASE NO. CV11-9811 PSG

1  Agreement, to all Persons entitled to such notice, and said notice fully satisfied the

2  requirements of Federal Rule of Civil Procedure 23 and the requirements of due

3  process.

4         9.     Neither the Settlement Agreement, nor any act performed or

5  document executed pursuant to or in furtherance of the Settlement Agreement: (i)

6  is or may be deemed to be or may be used as an admission of, or evidence of, the

7  validity of any Released Claim, or of any wrongdoing or liability of Allergan or the

8  Allergan Releasee(s), or (ii) is or may be deemed to be or may be used as an

9  admission of, or evidence of, any fault or omission of Allergan or the Allergan

10  Releasee(s) in any civil, criminal or administrative proceeding in any court,

11  administrative agency or other tribunal.  Allergan and the Allergan Releasee(s)

12  may file the Settlement Agreement and/or the Judgment from this Action in any

13  other action that may be brought against it in order to support a defense or

14  counterclaim based on principles of *res judicata*, collateral estoppel, release, good

15  faith settlement, judgment bar or reduction or any theory of claim preclusion or

16  issue preclusion or similar defense or counterclaim.

17        10.    In accordance with 15 U.S.C. §78u-4(f)(7)(A), any and all claims for

18  contribution and indemnification arising out of any Released Claim(s), including,

19  but not limited to, any claims that are based upon any matters that were alleged or

20  could have been alleged in the Action by any Person or entity against Allergan or

21  any of the Allergan Releasee(s) are, by operation of this Judgment, hereby

22  permanently barred, extinguished, discharged, satisfied and unenforceable.  All

23  Releasors are hereby barred and permanently enjoined, to the fullest extent allowed

24  by law, from asserting, instituting or prosecuting in any capacity, before any court

25  or governmental agency, any action or proceeding against Allergan or any of the

26  Allergan Releasee(s) for equitable, partial, comparative or complete contribution,

27   

28   

3

[PROPOSED] FINAL JUDGMENT & ORDER OF DISMISSAL
WITH PREJUDICE
CASE NO. CV11-9811 PSG

1   subrogation or indemnity, however denominated, based upon liability for the
2   Released Claims, and the Court finds that all such claims extinguished, discharged,
3   satisfied and unenforceable.  Notwithstanding the foregoing, nothing in this
4   Judgment shall apply to, bar or otherwise affect any claims for personal injury or
5   product liability resulting in personal injuries to Settlement Class Members or their
6   patients.

7        11.    Without affecting the finality of this Judgment in any way, this Court
8   hereby retains continuing jurisdiction over (a) implementation of this settlement
9   and any award or distribution of the Settlement Fund, including interest earned
10  thereon; (b) disposition of the Settlement Fund; (c) hearing and determining
11  applications for attorneys' fees, interest and reimbursement of expenses in the
12  Action and any incentive award; and (d) all parties hereto for the purpose of
13  construing, enforcing and administering the Settlement Agreement.

14       12.    The Court finds that during the course of the Action, the Parties and
15  their respective counsel at all times prosecuted and defended the Action in good
16  faith and at all times complied with the requirements of Federal Rule of Civil
17  Procedure 11.

18       13.    In the event that the Settlement Agreement does not become effective,
19  then this Final Judgment shall be rendered null and void and shall be vacated and,
20  in such event, all orders entered and releases delivered in connection herewith shall
21  be null and void.

22       14.    The Court finds, pursuant to Rule 54(a) and (b) of the Federal Rules
23  of Civil Procedure, that this Final Judgment should be entered and further finds
24  that there is no just reason for delay in the entry of this Final Judgment, as to the
25  parties to the Settlement Agreement.  Accordingly, the Clerk is directed to enter
26  Judgment herewith.

27

28

[PROPOSED] FINAL JUDGMENT & ORDER OF DISMISSAL
WITH PREJUDICE
CASE NO. CV11-9811 PSG

1    **IT IS SO ORDERED.**

2

3    DATED:   _4/25/13_                    PHILIP S. GUTIERREZ

4                                          HONORABLE PHILIP S. GUTIERREZ
                                          UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    5

28        [PROPOSED] FINAL JUDGMENT & ORDER OF DISMISSAL
                            WITH PREJUDICE
                        CASE NO. CV11-9811 PSG

# EXHIBIT 1

## OPT OUT MEMBER LIST

Abrams, Francoise
Clarksville, MD

Bain, William M.
San Antonio, TX

Barr, Carmela
West Allis, WI

Bianchi, Lucie;
Winters Family Practice
Elgin, IL

Buchness, Mary
New York, NY

Buckingham, Dawn
Austin, TX

Byman, Eric
Virginia Beach, VA

Crump, Steven
Boise, ID

De Coninck, Ellen
Mountain View, CA

Dziedzic, Ingeborg
Pleasantville, NY

Fisher, Curtis
Pekin, IL

Fonkert, Jodi
Willmar, MN

Fontana, Mary
Gross Pointe Woods, MI

Gaboriau, Henri
Sammamish, WA

Garcia, Emma
Springboro, OH

Hall, Robin
Southlake, TX

Jeftic, Marko
Tunersville, NJ

Kellawan, Karl
Centerville, OH

Koyama, Takashi
Fort Pierce, FL

Lawson, Anthony
Fayetteville, GA

Nassiff, Marie
Redington Shores, FL

Ritota, Perry
Hackensack, NJ

Ross, Matthew Donald
Grand Junction, CO

Skubick, Daniel L.;
The Neurologic Group
Sellersville, PA

6

EXHIBIT 1

Spivak, Yemelyan
Reedley, CA

Trevorrow, Thomas
Indiana, PA

Walthall, Ellen
Sweetwater, TX

Whelchel, Rebecca
Tempe, AZ

Willardo, Albert
Munster, IN

EXHIBIT 1